# In the United States Court of Appeals for the Eighth Circuit

DYLAN BRANDT, et al.,

*Appellants,*

*v.*

TIM GRIFFIN, et al.,

*Appellees.*

———————————

On Appeal from the United States District Court for the
Eastern District of Arkansas, Central Division
(No. 4:21-CV-00450-JM) (The Hon. James S. Moody)

———————————

**BRIEF OF APPELLEES IN OPPOSITION TO APPELLANTS'
PETITION FOR INITIAL HEARING EN BANC**

———————————

Leslie Cooper
Chase Strangio*
James Esseks*
Li Nowlin-Sohl*
American Civil Liberties Union
Foundation
125 Broad St.
New York, NY 10004
Telephone: (917) 345-1742
lcooper@aclu.org
cstrangio@aclu.org
jesseks@aclu.org
lnowlin-sohl@aclu.org
*Attorneys for the Plaintiffs*

Garrard R. Beeney*
Lauren M. Goldsmith*
Alexander S. Holland*
Maxime D. Matthew*
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
beeneyg@sullcrom.com
goldsmithl@sullcrom.com
hollanda@sullcrom.com
matthewm@sullcrom.com
*Attorneys for the Plaintiffs*

Daniel J. Richardson*
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
richardsond@sullcrom.com
*Attorney for the Plaintiffs*

Beth Echols, Ark. Bar No. 2002203
Christopher Travis, Ark. Bar
No. 97093
Drake Mann, Ark. Bar No. 87108
Gill Ragon Owen, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, AR 72201
Telephone: (501) 376-3800
echols@gill-law.com
travis@gill-law.com
mann@gill-law.com
*On behalf of the Arkansas Civil
Liberties Union Foundation, Inc.
Attorneys for the Plaintiffs*

Sarah Everett, Ark. Bar
No. 2017249
Arkansas Civil Liberties Union
Foundation, Inc.
904 W. 2nd Street
Little Rock, AR 72201
Telephone: (501) 374-2842
sarah@acluarkansas.org
*Attorney for the Plaintiffs*

Laura Kabler Oswell*
Aviv S. Halpern*
Sullivan & Cromwell LLP
550 Hamilton Avenue
Palo Alto, CA 94301
Telephone: (650) 461-5600
oswell@sullcrom.com
halperna@sullcrom.com
*Attorneys for the Plaintiffs*

*Admitted pro hac vice

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................i

TABLE OF AUTHORITIES..........................................................................ii

INTRODUCTION..........................................................................................1

BACKGROUND ............................................................................................3

ARGUMENT ..................................................................................................6

I.  Initial Hearing En Banc Is Reserved For Exceptional
    Circumstances. ..................................................................................7

II. Petitioners Offer No Basis For Short-Circuiting The
    Appellate Process. ..........................................................................10

CONCLUSION .............................................................................................17

CERTIFICATE OF COMPLIANCE..........................................................20

CERTIFICATE OF SERVICE....................................................................21

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adams by & through Kasper* v. *Sch. Bd. of St. Johns Cnty.*,
57 F.4th 791 (11th Cir. 2022) (en banc) ...................................... 12, 14

*Alley* v. *Little*,
452 F.3d 620 (6th Cir. 2006) ................................................................. 9

*Belk* v. *Charlotte-Mecklenberg Bd. of Educ.*,
211 F.3d 853 (4th Cir. 2000) ...................................................... *passim*

*Benson Hotel Corp.* v. *Woods*,
168 F.2d 694 (8th Cir. 1948) ............................................................... 14

*Brandt by & through Brandt* v. *Rutledge*,
2022 WL 16957734 (8th Cir. Nov. 16, 2022) ........................................ 4

*Brandt* v. *Griffin*,
No. 23-2681 (8th Cir. Sept. 14, 2023) ................................................ 15

*Brandt* v. *Rutledge*,
2023 WL 4073727 (E.D. Ark. June 20, 2023) ............................. 4, 5, 15

*Brandt* v. *Rutledge*,
47 F.4th 661 (8th Cir. 2022) ................................................................. 4

*Brandt* v. *Rutledge*,
No. 21-2875 (8th Cir. Aug. 30, 2021) ................................................. 16

*Bray* v. *Alexandria Women's Health Clinic*,
113 S. Ct. 753 (1993) ........................................................................ 13

*Cellular Sales of Missouri, LLC* v. *NLRB*,
824 F.3d 772 (8th Cir. 2016) .......................................................... 8, 16

*DeBoer* v. *Snyder*,
973 F. Supp. 2d 757 (E.D. Mich. 2014), *rev'd on other*
*grounds*, 772 F.3d 388 (6th Cir. 2014) ................................................ 5

Appellate Case: 23-2681      Page: 4      Date Filed: 09/21/2023 Entry ID: 5318804

*Dobbs* v. *Jackson Women's Health Org.*,
142 S. Ct. 2281 (2022) ............................................................ 1, 12, 13

*Doe* v. *Ladapo*,
2023 WL 3833848 (N.D. Fla. June 6, 2023) ........................................ 5

*Eknes-Tucker* v. *Governor of Alabama*,
— F.4th —, 2023 WL 5344981 (11th Cir. Aug. 21, 2023) ................ 11

*Entergy, Ark., Inc.* v. *Nebraska*,
241 F.3d 979 (8th Cir. 2001) ............................................................ 13

*Geduldig* v. *Aiello*,
417 U.S. 484 (1974) ................................................................... 12, 13

*Golinski* v. *U.S. Office of Pers. Mgmt.*,
680 F.3d 1104 (9th Cir. 2012) ........................................................... 9

*Graves* v. *Norris*,
218 F.3d 884 (8th Cir. 2000) (per curiam) ........................................ 8

*Grimm* v. *Gloucester Cnty. Sch. Bd.*,
972 F.3d 586 (8th Cir. 2020) ........................................................... 12

*Hecox* v. *Little*,
2023 WL 5283127 (9th Cir. Aug. 17, 2023) ..................................... 12

*Hopkins* v. *Jegley*,
No. 17-2879 (8th Cir. Oct. 14, 2020) ............................................... 10

*J.E.B.* v. *Alabama ex rel. T.B.*,
511 U.S. 127 (1994) ........................................................................ 11

*Karnoski* v. *Trump*,
926 F.3d 1180 (9th Cir. 2019) ......................................................... 12

*L. W. by & through Williams* v. *Skrmetti*,
73 F.4th 408 (6th Cir. 2023) ........................................................... 11

iii

Appellate Case: 23-2681    Page: 5    Date Filed: 09/21/2023 Entry ID: 5318804

*Pers. Adm'r of Mass.* v. *Feeney*,
442 U.S. 256 (1979) ............................................................... 12

*Qassim* v. *Trump*,
2018 WL 3905809 (D.C. Cir. Aug. 14, 2018) ........................ 8, 9

*Tineo* v. *Att'y Gen.*,
937 F.3d 200 (3d Cir. 2019) ................................................... 14

*Tuan Anh Nguyen* v. *INS*,
533 U.S. 53 (2001) ................................................................. 14

*United States* v. *Ayala*,
313 F.3d 1068 (8th Cir. 2002) (per curiam) ............................ 8

*United States* v. *Bashir*,
57 F.3d 1074 (8th Cir. 1995) (per curiam) ............................. 8

*United States* v. *Bender*,
16 F.3d 977 (8th Cir. 1994) ..................................................... 8

*United States* v. *Shadwell*,
69 F. App'x 344 (8th Cir. 2003) (per curiam) ......................... 8

*United States* v. *Virginia*,
518 U.S. 515, 116 S. Ct. 2264 (1996) .................................... 13

*United States* v. *Wilson*,
315 F.3d 972 (8th Cir. 2003) ................................................... 8

*Whitaker* v. *Kenosha Unified Sch. Dist.*,
858 F.3d 1034 (7th Cir. 2017) ............................................... 12

## Statutes

28 U.S.C. § 46(b)-(c) ................................................................. 7

Fed. R. App. Pro. 35(a) ......................................................... 6, 10

iv

## Other Authorities

18B Charles Alan Wright & Arthur P. Miller, *Federal Practice and Procedure* § 4478 (3d ed. 2023) ............................... 13, 14

Appellate Case: 23-2681    Page: 7    Date Filed: 09/21/2023 Entry ID: 5318804

## INTRODUCTION

Petitioners' request for initial hearing en banc is extraordinary and unprecedented. Petitioners do not cite a single instance where this Court has bypassed a three-judge panel. And they ignore that courts often deny similar requests for initial hearing en banc—including in cases where the grounds for seeking review by the full Court are much stronger than they are here.

There is no sound reason to depart in this case from this Court's unbroken practice. Petitioners' primary argument is that the panel's decision at the preliminary injunction stage departs from the decisions of two other circuits (one of which was decided in an emergency-stay posture). *See* Pet. 2, 11. But a conflict between the circuits does not justify en banc review, let alone initial hearing en banc. Perhaps realizing as much, Petitioners also contend for the first time that the panel opinion somehow conflicts with the Supreme Court's decision in *Dobbs* v. *Jackson Women's Health Org.*, 142 S. Ct. 2281 (2022). Pet. 13. It does not. But in any event, *Dobbs* came down *before* the panel issued its decision affirming the preliminary injunction, and Petitioners never mentioned it. To the extent Petitioners now believe that the law has

-1-

changed in a way that undermines the panel's earlier decision, they can present those arguments to the panel in the first instance.

Petitioners also claim that initial hearing en banc is required to "avoid unnecessary delay." Pet. 2. That argument is hard to take seriously in light of Petitioners' leisurely approach to litigating this case. The district court preliminarily enjoined Arkansas's ban on gender-affirming medical care more than two years ago. At no point did Petitioners seek to stay the injunction or to expedite the appeal—on the contrary, they repeatedly requested extensions before the panel and the full Court. Petitioners sought yet another extension of the briefing schedule on the very same day that they filed their Petition. Simply put, that is not how a party behaves when it genuinely believes that "immediate en banc review is warranted." Pet. 17.

Petitioners seek initial en banc review because they apparently do not have confidence in their ability to satisfy heightened scrutiny with the record they created. But this is not a reason to uproot this Court's long-standing procedures. Courts often reach different conclusions with the benefit of a full trial record, and defendants can satisfy the demands of intermediate scrutiny by demonstrating the strength of the State's

-2-

interests and the appropriate tailoring to those interests. Litigation before the panel is not futile just because Petitioners do not believe they can prevail on the record developed at trial.

There is no doubt that this appeal is at the center of an active and important public debate. But that is a reason to adhere to this Court's traditional practices, not to abandon them. "Judicial orders warrant the utmost respect when they are perceived by the public to have been reached in the most regular and careful manner." *Belk* v. *Charlotte-Mecklenberg Bd. of Educ.*, 211 F.3d 853, 856 (4th Cir. 2000) (Wilkinson, C.J., concurring in denial of initial hearing en banc). And public respect for the judicial process is never more important than when the courts are asked to pass on matters of great significance to the parties and the public at large.

The petition for initial hearing en banc should be denied.

## BACKGROUND

The district court entered a preliminary injunction in this case on July 21, 2021, holding that Respondents were likely to succeed on their equal protection, due process, and First Amendment claims. A unanimous panel of this Court affirmed that decision on August 25, 2022.

*See Brandt* v. *Rutledge*, 47 F.4th 661 (8th Cir. 2022). On the merits, the panel reached only Respondents' equal protection claims, holding that Arkansas's ban triggered intermediate scrutiny because it classified on the basis of sex. *Id.* at 669. Applying intermediate scrutiny, the panel then determined that the district court did not clearly err in "weighing … the competing evidence" at the preliminary injunction stage and holding for Respondents. *Id.* at 670.

The full Court denied Petitioners' request for en banc review of the panel's decision on November 16, 2022. *See Brandt by & through Brandt* v. *Rutledge*, 2022 WL 16957734 (8th Cir. Nov. 16, 2022). As Judge Colloton explained in concurrence, the case was "not appropriate for rehearing en banc" because Petitioners had not requested "a stay in fifteen months," and the case was "in the midst of a trial" that would "present th[e] court with a comprehensive record." *Id.* at *1 (Colloton, J., concurring in the denial of rehearing en banc).

Following an eight-day bench trial, the district court issued findings of fact and conclusions of law on June 20, 2023. *See Brandt* v. *Rutledge*, 2023 WL 4073727 (E.D. Ark. June 20, 2023). The district court's factual findings spanned 57 pages and addressed the testimony of 21 witnesses,

-4-

including eight experts. *See id.* Based on those findings, the district court determined that Petitioners could not meet their burden under intermediate scrutiny. *Id.* at *31-32.[1]

Petitioners once again appealed. Less than one week before their opening brief was due, on September 7, 2023, Petitioners sought an extension of the briefing schedule and filed the Petition for initial hearing

---

[1] The Petition badly mischaracterizes the district court's factual findings. According to Petitioners, the district court found that their experts "couldn't be trusted because they are religious." Pet. 9. Not so. Instead, after observing the testimony live, the court found that the experts lacked relevant experience; provided unreliable, unscientific, and ideological testimony; and were otherwise uncredible with the partial exception of Dr. Stephen Levine. *Brandt*, 2023 WL 4073727, at *28-30. In addition, the court found that some of Defendants' proffered experts "were testifying more from a religious doctrinal standpoint rather than that required of experts by *Daubert*." *Id.* at *29. The court's credibility determinations were amply supported by the record and were consistent with those of other courts regarding these witnesses. *See Doe* v. *Ladapo*, 2023 WL 3833848, *2 & n.8 (N.D. Fla. June 6, 2023) (order granting preliminary injunction) (finding Defendants' experts Dr. Paul Hruz and Dr. Patrick Lappert uncredible since Dr. Hruz "fended and parried questions and generally testified as a deeply biased advocate" and both he and Dr. Lappert had views informed, not by scientific consensus, but by their perceptions that "transgender identity is not real"); *DeBoer* v. *Snyder*, 973 F. Supp. 2d 757, 766-68 (E.D. Mich. 2014), *rev'd on other grounds*, 772 F.3d 388 (6th Cir. 2014) (finding the testimony of another of Defendants' experts, Professor Mark Regnerus, uncredible).

-5-

en banc.  Under Petitioners' requested briefing schedule, they will not file their opening brief until 30 days after this Court rules on the Petition.

## ARGUMENT

En banc review is disfavored and only appropriate in exceptional circumstances.  *See* Fed. R. App. Pro. 35(a).  Petitioners face a considerably higher bar to bypass the panel process and obtain *initial* hearing en banc.  Federal appellate courts almost always deny such requests—including where the demands of Rule 35 are satisfied— reserving initial review by the full court for situations that are extraordinary and urgent.

Nothing about this appeal warrants initial hearing en banc. Petitioners argue that the exceptional relief they seek is necessary because the panel's earlier decision in this case is out of step with the law of other circuits.  But Petitioners do not cite a single case granting a petition for initial hearing en banc on that basis.  In any event, the panel's decision at the preliminary injunction stage followed binding Supreme Court law and aligned with the law of other circuits.  The two out of circuit decisions they cite do not undermine the panel's reasoning.

-6-

Petitioners also contend that initial hearing en banc is necessary to preserve judicial resources. That argument gets it backward. Any decision by the panel, whether for Respondents or Petitioners, may definitively resolve this case and avoid the need for en banc review altogether. At a minimum, the panel's reasoned decision will clarify and refine the issues for the other members of the Court. Petitioners' suggestion that the panel would reach the same result as before says more about the weaknesses in their evidence at trial than any inefficiencies in the standard panel process.

Finally, Petitioners argue that the full Court should take the case now to "protect children" in Arkansas. Pet. 15. That argument is inconsistent with Petitioners' decision not to seek a stay or to expedite this appeal. And Petitioners' claim about the ban's effect on children (offered without citation) is flatly contradicted by the trial record.

## I.  Initial Hearing En Banc Is Reserved For Exceptional Circumstances.

Congress has determined that federal appeals should ordinarily be heard by three-judge panels. *See* 28 U.S.C. § 46(b)-(c). That determination recognizes that "[p]anel decisions refine, narrow, and

-7-

focus issues before the court" and, "[i]n the vast majority of cases, …
render[] an en banc decision unnecessary." *Belk*, 211 F.3d at 854.

Because Congress entrusted appeals to three-judge panels, federal
appellate courts are appropriately reluctant to circumvent the panel
process through initial hearing en banc. To Respondents' knowledge, this
Court has never granted a petition for initial hearing en banc, including
where a party challenged binding circuit precedent. *See, e.g.*, *Cellular
Sales of Missouri, LLC* v. *NLRB*, 824 F.3d 772, 776 (8th Cir. 2016)
(discussing an earlier denial of a petition for initial hearing en banc even
though binding circuit precedent was "fatal to [appellant's] argument");
*United States* v. *Wilson*, 315 F.3d 972, 973-74 (8th Cir. 2003) (same).[2]

The practice in other circuits is similar, with courts routinely
denying requests for initial hearing en banc, even in cases that are vitally
important and time-sensitive. *See, e.g.*, *Qassim* v. *Trump*, 2018 WL

---

[2] To Respondents' knowledge, all other requests for initial hearing en
banc before this Court have similarly been denied. *See United States* v.
*Shadwell*, 69 F. App'x 344, 345 (8th Cir. 2003) (per curiam); *United
States* v. *Ayala*, 313 F.3d 1068, 1070 (8th Cir. 2002) (per curiam);
*Graves* v. *Norris*, 218 F.3d 884, 886 (8th Cir. 2000) (per curiam); *United
States* v. *Bashir*, 57 F.3d 1074 (8th Cir. 1995) (per curiam); *United
States* v. *Bender*, 16 F.3d 977, 978 n.2 (8th Cir. 1994).

Appellate Case: 23-2681     Page: 15     Date Filed: 09/21/2023 Entry ID: 5318804

3905809, at *1 (D.C. Cir. Aug. 14, 2018) (petition related to military detention at Guantanamo Bay); *Golinski* v. *U.S. Office of Pers. Mgmt.*, 680 F.3d 1104 (9th Cir. 2012) (petition to review decision striking down Defense of Marriage Act); *Alley* v. *Little*, 452 F.3d 620 (6th Cir. 2006) (petition from death-row inmate scheduled to be executed five days later); *Belk*, 211 F.3d at 853 (petition for review involving school desegregation order for the upcoming academic year).

The reason for that uniform practice is clear:  Even when en banc review is otherwise appropriate, the panel process serves an important function.  The panel process allows a group of judges to "discuss among themselves the insights that briefing and argument invariably provide" and "to craft an opinion and receive the benefit of their colleagues' views upon the same." *Belk*, 211 F.3d at 855.  It also clarifies the issues for the full court in the event that en banc review is warranted and "hold[s] out the prospect of finality and repose" for the parties when it is not. *Id.*; *see also Qassim*, 2018 WL 3905809, at *1 (Rodgers, J., concurring in the denial of initial hearing en banc) (noting that, "in the ordinary course, initial panel review would assist the Court in evaluating the merits"). Departing from the ordinary process also carries serious risks, namely

-9-

that the court's decision will be "perceived by the public [not] to have been reached in the most regular and careful manner." *Belk*, 211 F.3d at 856.

## II. Petitioners Offer No Basis For Short-Circuiting The Appellate Process.

This appeal does not involve any extraordinary circumstances that would justify taking the case out of the panel's hands. To support their unprecedented request, Petitioners suggest that initial hearing en banc is necessary to bring this Court in line with the decisions of other circuits, to preserve judicial resources, and "to prevent harms to children." Pet. 16-17. Petitioners do not cite any case holding that such circumstances merit initial hearing en banc. Appellants' Response to Petition for Rehearing En Banc at 9, *Hopkins* v. *Jegley*, No. 17-2879 (8th Cir. Oct. 14, 2020) ("[T]he panel's supposed misapplication of … Supreme Court precedent is no 'question of exceptional importance.'") (quoting Fed. R. App. Pro. 35(a)). In fact, Petitioners do not cite *any* instance of *any* appellate court in the country granting such an extraordinary request. But, even on their own terms, Petitioners' arguments misunderstand the law and ignore the facts of this case.

1. Petitioners' primary argument is that initial hearing en banc is necessary because the Eighth Circuit is an "outlier among the circuits"

-10-

and out of step "with the rest of the country." Pet. 2, 11. To support that contention, Petitioners cite recent decisions from two other circuits, both of which allowed states to enforce bans on gender-affirming medical care. *See* Pet. 2, 12 (citing *Eknes-Tucker* v. *Governor of Alabama*, — F.4th —, 2023 WL 5344981 (11th Cir. Aug. 21, 2023) and *L. W. by & through Williams* v. *Skrmetti*, 73 F.4th 408 (6th Cir. 2023)).

Those decisions in no way make this Court an "outlier." In both decisions, the courts held that the challenged laws did not trigger intermediate scrutiny because they imposed sex classifications that harmed both men and women. *See L.W.*, 73 F.4th at 419; *Eknes-Tucker*, 2023 WL 5344981, at *16. But the Supreme Court has long held that all sex classifications warrant heightened scrutiny, even those that "extend[] to both men and women." *J.E.B.* v. *Alabama ex rel. T.B.*, 511 U.S. 127, 141-42 (1994).

Numerous circuit courts have also already agreed with the panel that intermediate scrutiny is appropriate for laws that classify based on transgender status because such classifications are inherently

Appellate Case: 23-2681    Page: 18    Date Filed: 09/21/2023 Entry ID: 5318804

sex-based.[3]  Petitioners ignore this vast body of law supporting the panel's analysis.

Petitioners also claim that the panel erred because the Supreme Court's decision in *Dobbs* "held that '[t]he regulation of a medical procedure that only one sex can undergo does not trigger heightened constitutional scrutiny.'"  Pet. 13-14 (quoting *Dobbs*, 142 S. Ct. at 2245-46).  But *Dobbs* merely reiterated the holding of *Geduldig* v. *Aiello*, 417 U.S. 484 (1974), in which the Supreme Court held that a pregnancy classification did not automatically trigger heightened scrutiny even though it had a disparate impact on members of one sex.  *See Pers. Adm'r*

---

[3]     *See*, *e.g.*, *Hecox* v. *Little*, 2023 WL 5283127, at *12 (9th Cir. Aug. 17, 2023) ("[D]iscrimination on the basis of transgender status is a form of sex-based discrimination."); *Adams by & through Kasper* v. *Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 801 (11th Cir. 2022) (en banc); *Grimm* v. *Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 607 (8th Cir. 2020) ("[H]eightened scrutiny applies … because the bathroom policy rests on sex-based classifications."); *Whitaker* v. *Kenosha Unified Sch. Dist.*, 858 F.3d 1034, 1051-52 (7th Cir. 2017) (holding that discrimination against transgender people constitutes sex-based discrimination).  Some circuit courts have also held that laws that classify based on transgender status are subject to heightened scrutiny because transgender status itself is a quasi-suspect classification.  *See*, *e.g.*, *Grimm*, 972 F.3d at 607 ("[T]ransgender people constitute at least a quasi-suspect class."); *Karnoski* v. *Trump*, 926 F.3d 1180, 1200-01 (9th Cir. 2019) (holding that transgender status is a quasi-suspect classification that must be tested under heightened scrutiny).

-12-

*of Mass.* v. *Feeney*, 442 U.S. 256, 273-74 (1979); *see also Bray* v. *Alexandria Women's Health Clinic,* 113 S. Ct. 753, 761 n.3 (1993) (clarifying that the Court's ruling in *Geduldig* involved a "facially neutral benefit plan").  Neither *Dobbs* nor *Geduldig* change *Virginia*'s command that all *facial* sex classifications warrant heightened scrutiny.  *United States* v. *Virginia*, 518 U.S. 515, 555, 116 S. Ct. 2264 (1996).  Petitioners apparently agreed, as they declined to notify this Court of the *Dobbs* decision even though it was issued months before the panel's decision on the preliminary injunction.

More fundamentally, even if Petitioners had stronger arguments on the law, that would not make initial hearing en banc appropriate.  No circuit has ever held that a conflict among the courts of appeals is a reason to bypass the panel process.  And to the extent Petitioners believe the law has changed in some meaningful way since the first appeal, they are free to make that argument to the panel, and the panel is free to consider it.  *See Entergy, Ark., Inc.* v. *Nebraska*, 241 F.3d 979, 987 (8th Cir. 2001) (discussing circumstances under which a panel is bound by an earlier decision resolving an appeal of a preliminary injunction); 18B Charles Alan Wright & Arthur P. Miller, *Federal Practice and Procedure*

Appellate Case: 23-2681     Page: 20     Date Filed: 09/21/2023 Entry ID: 5318804

§ 4478 (3d ed. 2023) (explaining that "an intervening change of law" can justify "departing from the law of the case"); *see also Benson Hotel Corp.* v. *Woods*, 168 F.2d 694, 698 (8th Cir. 1948) (same).

2.     Petitioners also argue that immediate en banc review is necessary "to avoid needlessly wasting judicial and public resources." Pet. 17.  According to Petitioners, the full Court might as well take the case now because "in cases challenging government action 'the standard of review is often outcome determinative.'" Pet. 16 (citing *Tineo* v. *Att'y Gen.*, 937 F.3d 200, 212 (3d Cir. 2019)).  But that is not true.  Government defendants can satisfy the demands of intermediate scrutiny when they have a factual record that proves the government's action appropriately advances their asserted state interests.  *See Tuan Anh Nguyen* v. *INS*, 533 U.S. 53, 64, 73 (2001); *Adams*, 57 F.4th at 801 (11th Cir. 2022) (en banc).  And appellate courts are free to revisit their earlier decisions when confronted with new facts developed at trial.  *See* Wright & Miller, *supra*.  Against that backdrop, it is revealing that Petitioners would rather ask this Court to take an unprecedented procedural step rather than litigate the record in this case.

-14-

3.     As a last-ditch effort to avoid the panel, Petitioners also claim that initial hearing by the full Court is appropriate because, without immediate review, "children in Arkansas will continue to suffer the consequences of experimental procedures." Pet. 17.[4] Setting aside that the district court found, in a thorough and well-reasoned opinion with over 300 factual findings, that Arkansas's law—and not the banned care—poses grave threats to minors, *Brandt*, 2023 WL 4073727, at *24, Petitioners' sudden urgency cannot be squared with their own conduct in this case.[5] Arkansas's ban has been enjoined for more than two years,

---

[4]     The State Amici also contend that initial hearing en banc is warranted because of a supposed international consensus supporting Arkansas's ban. Brief for State of Missouri, et al. as Amicus Curiae Supporting Defendants-Appellants' Petition for Initial Hearing En Banc, *Brandt* v. *Griffin*, No. 23-2681 (8th Cir. Sept. 14, 2023) at 2, 6. But Petitioners were unable to support this factual assertion at trial. *Brandt*, 2023 WL 4073727, at *36.

[5]     Moreover, Defendants neglect to mention that one of their own experts, Dr. Levine, described the psychological impact of cutting off gender-affirming medical care for those currently receiving it as "shocking" and "devastating." *Brandt*, 2023 WL 4073727, at *24. He also testified he would still consider writing letters of authorization for hormone therapy for minor patients and would expect providers in Arkansas to "find a way" to help those patients if the State's "[d]raconian" ban goes effect. *Id.* at *24-25; *see id.* at *27 ("Dr. Levine does not support banning gender-affirming medical care for adolescents with gender dysphoria.").

-15-

and Petitioners have never once sought an emergency stay from this Court to challenge that injunction. Instead, during the first appeal, Petitioners sought a 30-day extension for their opening brief and another 14-day extension for their petition for rehearing en banc. Unopposed Motion for Extension of Time, *Brandt* v. *Rutledge*, No. 21-2875 (8th Cir. Aug. 30, 2021); Motion to Extend Time to File Petition for Rehearing, *Brandt*, No. 21-2875 (8th Cir. Sept. 20, 2022). And, on the same day, they filed the petition at issue here, Petitioners sought yet another extension to the briefing schedule, Unopposed Motion for Abeyance of Briefing Schedule, *Brandt*, No. 21-2875 (8th Cir. Sept. 7, 2023), even though parties have, in the past, filed their merits brief alongside a request for initial hearing en banc, *see Cellular Services*, 824 F.3d at 776.

*    *    *

There is no doubt that the issues in this case are important, both to the public and to the individuals affected by Arkansas's law. But federal appellate courts have long "respond[ed] to that circumstance in a calm, orderly, and deliberative fashion in accordance with the best traditions of the law." *Belk*, 211 F.3d at 856. This Court should follow that course here.

-16-

## CONCLUSION

For the reasons stated above, the Court should deny Petitioners-Appellants' petition for initial rehearing en banc.

-17-

Dated:  September 21, 2023                    Respectfully submitted,

*Leslie Cooper*
_____

Leslie Cooper                              Beth Echols, Ark. Bar No. 2002203
Chase Strangio*                            Christopher Travis, Ark. Bar No.
James Esseks*                              97093
Li Nowlin-Sohl*                            Drake Mann, Ark. Bar No. 87108
American Civil Liberties Union             Gill Ragon Owen, P.A.
Foundation                                 425 W. Capitol Avenue, Suite 3800
125 Broad St.                              Little Rock, AR  72201
New York, NY  10004                        Telephone: (501) 376-3800
Telephone: (917) 345-1742                  echols@gill-law.com
lcooper@aclu.org                           travis@gill-law.com
cstrangio@aclu.org                         mann@gill-law.com
jesseks@aclu.org                           *On behalf of the Arkansas Civil*
lnowlin-sohl@aclu.org                      *Liberties Union Foundation, Inc.*
*Attorneys for the Plaintiffs*             *Attorneys for the Plaintiffs*

Garrard R. Beeney*                         Sarah Everett, Ark. Bar
Lauren M. Goldsmith*                       No. 2017249
Alexander S. Holland*                      Arkansas Civil Liberties Union
Maxime D. Matthew*                         Foundation, Inc.
Sullivan & Cromwell LLP                    904 W. 2nd Street
125 Broad Street                           Little Rock, AR  72201
New York, NY 10004                         Telephone: (501) 374-2842
Telephone:  (212) 558-4000                 sarah@acluarkansas.org
beeneyg@sullcrom.com                       *Attorney for the Plaintiffs*
goldsmithl@sullcrom.com
hollanda@sullcrom.com
matthewm@sullcrom.com                      Laura Kabler Oswell*
*Attorneys for the Plaintiffs*             Aviv S. Halpern*
                                           Sullivan & Cromwell LLP
                                           550 Hamilton Avenue
Daniel J. Richardson*                      Palo Alto, CA  94301
Sullivan & Cromwell LLP                    Telephone: (650) 461-5600
1700 New York Avenue, N.W.                 oswelll@sullcrom.com
Suite 700                                  halperna@sullcrom.com
Washington, D.C.  20006                    *Attorneys for the Plaintiffs*

Appellate Case: 23-2681    Page: 25    Date Filed: 09/21/2023 Entry ID: 5318804

Telephone: 202-956-7500
richardsond@sullcrom.com          *Admitted pro hac vice
*Attorney for the Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limits of Fed. R. App. P. 27(d)(2)(A) because it contains 3,473 words, excluding the parts exempted by Fed. R. App. P. 32(f).

Pursuant to Fed. R. App. P. 27(d)(1)(E), I also certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in proportionally spaced typeface with 14-point CenturyExpd BT and uses the word-processing system Microsoft Word.

Additionally, pursuant to Eighth Circuit Local Rule 28A(h)(2), the undersigned counsel certifies that this PDF file was scanned for viruses, and no viruses were found on the file.

/s/ *Leslie Cooper*
Leslie Cooper

Appellate Case: 23-2681   Page: 27   Date Filed: 09/21/2023 Entry ID: 5318804

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Leslie Cooper*
Leslie Cooper

Appellate Case: 23-2681    Page: 28    Date Filed: 09/21/2023 Entry ID: 5318804