

Dylan L. Jacobs  
Deputy Solicitor General

Direct Dial: (501) 682-3661  
E-mail: dylan.jacobs@arkansasag.gov

September 29, 2023

Michael Gans  
Clerk, United States Court of Appeals for the Eighth Circuit  
Thomas F. Eagleton Courthouse  
111 South 10th Street, Room 24.329  
St. Louis, MO 63102

  Re: *Dylan Brandt, et al. v. Tim Griffin, et al.*, No. 23-2681: Federal Rule of Appellate Procedure 28(j) letter regarding *L.W., et al. v. Skrmetti, et al. / Jane Doe 1, et al. v. Thornbury, et al.*, Nos. 23-5600/5609 (6th Cir. Sept. 28, 2023) (slip opinion ("Op.") attached)

Dear Mr. Gans:

  Yesterday, the Sixth Circuit issued its final decision reversing the preliminary injunctions of Tennessee's and Kentucky's laws prohibiting pediatric gender-transition procedures. As Plaintiffs noted in their en banc opposition, the Sixth Circuit's previous decision staying those injunctions came in an "emergency [] posture." Pls.' En Banc Opp'n 1. The court's 39-page majority opinion reaffirms the legal conclusions it reached in its stay order. That opinion further illustrates that the panel opinion in *Brandt by & through Brandt v. Rutledge*, 47 F.4th 661 (8th Cir. 2022), cannot be squared with precedent and why this Court should grant initial hearing en banc.

  The Sixth Circuit again joined with the Eleventh Circuit in rejecting *Brandt*'s erroneous reasoning. It held that laws like Arkansas's do not discriminate based on sex, as the *Brandt* panel erroneously held. Op. 24-25; *see Brandt*, 47 F.4th at 669 (holding that Arkansas's law discriminated based on sex because "medical procedures that are permitted for a minor of one sex are prohibited for a minor of another sex"). On the contrary, as the Sixth Circuit explained, "[t]hese treatments,

by biological necessity, are medical procedures that only one sex can undergo" so laws limiting their use need only survive rational-basis review. Op 26 (quotation omitted). The Sixth Circuit likewise parted ways with the *Brandt* panel in confirming that "[u]sing testosterone or estrogen to treat gender dysphoria . . . is a different procedure from using testosterone or estrogen to treat" other conditions. Op. 26; *cf. Brandt*, 47 F.4th at 669 ("Arkansas's characterization of the Act as creating a distinction on the basis of medical procedure rather than sex is unpersuasive."). And applying the proper standard, that court easily concluded that laws like Arkansas's, which restrict harmful, experimental medical procedures, satisfy rational-basis review. Op. 35-37.

The Sixth Circuit also reaffirmed its prior conclusions as to other claims at issue here. It rejected the plaintiffs' alternative argument that transgender individuals are a suspect class under the Equal Protection Clause. Op. 33-35. And it rejected their arguments that parents have a substantive-due-process right to subject their minor children to experimental procedures. Op. 13-23.

Respectfully submitted,

*/s Dylan L. Jacobs*
Dylan L. Jacobs
Deputy Solicitor General

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

  I certify that on September 29, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

         */s Dylan L. Jacobs*
         Dylan L. Jacobs