No. 23-2681

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

DYLAN BRANDT, et al.,
Plaintiffs-Appellees,

v.

TIM GRIFFIN, et al.,
Defendants-Appellants.

On Appeal from the United States District Court
for the Eastern District of Arkansas
No. 5:21-CV-450 (Hon. James M. Moody, Jr.)

## Opposition to Plaintiffs' Motion for 45-Day Extension

Plaintiffs motion is a transparent attempt to delay this case, and this Court should deny it. Plaintiffs first told Arkansas that they would need 90 days to file a brief, and when Arkansas declined to consent to that extraordinary request, Plaintiffs filed a motion claiming they couldn't possibly brief this case in less than 75 days. They say anything less is just not enough time for the 15 lawyers on their signature block (or the 17 Plaintiffs lawyers who receive ECF notices on this appeal)—including many from one of the largest law firms in the World—to brief this appeal.

Yet Arkansas managed to brief this appeal and prepare the appendix within just 30 days—and did it with just *three* lawyers. So there's no reason Plaintiffs'

army of lawyers can't do the same. And such a prolonged delay will prejudice Arkansas, its children, and this Court since it will make it difficult for the full Court to schedule argument in this case. This Court should deny the motion.

1. *Trial record and supposed "complexity."* Plaintiffs' claims concerning the supposed "complexity" of the legal issues in this appeal don't justify any extension, let alone 75 days to file a brief. The issues presented are nontechnical and straightforward. Arkansas's brief doesn't present any issue that hasn't already been *exhaustively* briefed in this litigation several times before and in multiple other cases. Indeed, the only complex thing about this appeal is how Plaintiffs will attempt to avoid the straightforward conclusion of two federal appellate courts rejecting their arguments. *See Eknes-Tucker v. Governor of Alabama*, 80 F.4th 1205 (11th Cir. 2023); *L. W. by & through Williams v. Skrmetti*, 73 F.4th 408 (6th Cir. 2023), *petition for cert. filed*, (Nov. 1, 2023) (No. 23-466).

Nor do Plaintiffs' statements concerning the trial record warrant delay. Plaintiffs' and Arkansas's posttrial briefs below already brought the legal issues to bear on the factual record developed at trial. And Plaintiffs have known what exhibits would be pertinent to this appeal for months—at least since they stipulated to the contents of the joint appendix, if not since the close of evidence at trial. And again, Arkansas briefed those same issues with *five times fewer* lawyers. So

Plaintiffs' complaints about complexity ring hollow and don't justify any extension—let alone 75 days.

*2. "Professional obligations."* Plaintiffs' counsels' surprisingly anemic list of competing deadlines also doesn't justify a 75-day delay. Plaintiffs' motion alludes to a few generic "professional obligations" during "the scheduled briefing period"—which Plaintiffs elastically extend into next year. It's no shock that a few unnamed members of Plaintiffs' army of attorneys plan to devote time to other matters over the next two months. But it's incredible for Plaintiffs to claim that the 15 or 17 Plaintiffs' attorneys involved in this appeal—together with "contributions to the matter" by "[m]any other S&C lawyers, paralegals, and non-legal personnel" from one of the largest law firms in the World (R. Doc. 298-10 at 4)—collectively can't produce a timely brief. And again, Arkansas briefed this case with just three lawyers who likewise had to shuffle multiple other obligations—including preparing two briefs in the United States Supreme Court during the 30 days between when this Court granted initial hearing en banc and the filing deadline.

*3. False claims about Defendants.* Nor can Plaintiffs' misrepresentations concerning Arkansas justify 75 days. Contrary to what Plaintiffs claim, Arkansas has *not* asked this Court for any extension on this appeal, other than as a request for alternative relief that was mooted by the Court's grant of initial en banc review. Indeed, Plaintiffs' reference to Arkansas's inquiry about a potential one-week

3

extension—due to a Supreme Court filing—is a red herring since Arkansas did not seek an extension and met this Court's original deadline. Likewise, Plaintiffs' bizarre claim that Arkansas somehow got 56 additional days to prepare a brief while this Court decided whether to grant its petition for initial hearing en banc ignores the fact, as Arkansas explained in its initial hearing petition, that whether the Court granted that petition would directly impact whether Arkansas had to treat *Brandt* as controlling.

Plaintiffs also falsely claim that Arkansas prolonged this litigation through multiple extension requests below. But that argument is smoke and mirrors. Arkansas' in-kind, unopposed extension (to December 15) to brief Plaintiffs' motion for attorney's fees below (R. Doc. 299) does not impact the duration of this litigation but runs concurrently with this appeal; in any case, it concerns a motion that will become moot when this Court reverses the district court's judgment. Similarly, the fact-discovery extension (R. Doc. 79) Plaintiffs mention did not prolong this litigation but merely enabled the parties to continue fact discovery concurrently with the already-established expert-discovery period.

Finally, reaching all the way back to the beginning of this litigation, Plaintiffs fault Arkansas for seeking an opposed, 10-day emergency extension (R. Doc. 21 at 2)—an unavoidable, short reprieve defense counsel needed to respond to the preliminary-injunction motion that multiple Plaintiffs' attorneys had spent

4

months preparing. *See* R. Doc. 298-10 at 32-38 (Sullivan & Cromwell time records).

4. *Prejudice*. Giving Plaintiffs 75 days to brief this appeal will prejudice Arkansas, its children, and the Court. Plaintiffs cannot possibly claim that Arkansas isn't prejudiced by having its sovereign laws enjoined by a district court order or that extending that erroneous injunction harms the state. Nor could they plausibly claim that continuing to subject children to dangerous, experimental, life-altering procedures isn't prejudicial. And granting Plaintiffs 75 days to file a brief will also limit the dates on which this Court could schedule oral argument in this case. By contrast, aside from vague references to other cases, Plaintiffs don't point to any prejudice from being required to meet the same timetable as Arkansas. So to maximize the ability of this Court to schedule that argument and avoid prejudice, the Court should deny Plaintiffs' motion.[1]

5. *Back to the future*. Finally, the holidays don't warrant 75 days to file a brief. Plaintiffs claim an extension is necessary due to "the Thanksgiving and Christmas holidays"—despite the fact that Christmas is two-and-a-half weeks *after* the December 6 deadline. But to state the obvious: the subsequent Christmas holiday can't justify extending Plaintiffs' deadline.

---

[1] Alternatively, if Plaintiffs genuinely require such a prolonged extension, they could stipulate to a stay of the district court's injunction and allow Arkansas's law to take effect immediately. That would avoid any prejudice.

5

Given the lack of substantive support for Plaintiffs' extension and the harm to Arkansas, Plaintiffs' motion should be denied.

Dated: November 15, 2023

Respectfully submitted,

TIM GRIFFIN
  Arkansas Attorney General
NICHOLAS J. BRONNI
  Arkansas Solicitor General
DYLAN L. JACOBS
  Deputy Solicitor General
MICHAEL A. CANTRELL
  Assistant Solicitor General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-2401
Dylan.Jacobs@ArkansasAG.gov

*Counsel for Defendants-Appellants*

## Certificate of Compliance

I certify that this response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1105 words, excluding the parts exempted by Fed. R. App. P. 32(f).

Pursuant to Fed. R. App. P. 27(d)(1)(E), I also certify that this response complies with the requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in a 14-point Times New Roman, a proportionally spaced typeface, using Microsoft Word. I further certify that this PDF file was scanned for viruses, and no viruses were found on the file.

*/s/ Dylan Jacobs*
Dylan Jacobs

## Certificate of Service

I certify that on November 15, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

*/s/ Dylan Jacobs*
Dylan Jacobs