# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

**125 Broad Street
New York, New York 10004-2498**

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 6, 2024

Stephanie N. O'Banion,
 Acting Clerk of Court,
  U.S. Court of Appeals for the Eighth Circuit,
   Thomas F. Eagleton Courthouse,
    111 South 10th Street,
     St. Louis, MO  63102.

   Re:  *Brandt* v. *Griffin*, No. 23-02681

Dear Ms. O'Banion:

   Pursuant to Federal Rule of Appellate Procedure 28(j), Appellees advise the Court of the en banc Fourth Circuit's decision in *Kadel* v. *Folwell*, No. 22-1721, 2024 WL 1846802 (4th Cir. Apr. 29, 2024), which held that categorical exclusions of coverage for gender-affirming medical care in a state health plan and a Medicaid program triggered heightened equal protection scrutiny.  The decision addresses many arguments raised here.

   The *Kadel* court held bans on coverage of gender-affirming medical care classify based on sex and transgender status, triggering heightened scrutiny, since whether treatment is excluded from coverage turns on "knowing [a patient's] sex assigned at birth."  *Id.* at *17.  In reaching that result, the court rejected arguments relied on by the State here, including that bans on such care only classify based on procedure and that a law that classifies based on sex that burdens men and women in equal measure is exempt from heightened scrutiny.  *Id.* at *11, *14.  The court also rejected the argument that *Geduldig* v. *Aiello*, 417 U.S. 484 (1974) precludes heightened scrutiny because, unlike pregnancy-related care, determining "whether a treatment like . . . a testosterone supplement is prescribed in connection with a 'sex change[] or modification[]' is impossible—literally cannot be done—without inquiring into a patient's sex assigned at birth and comparing it to their gender identity."  *Id.* at *12.

   Even the principal dissenting opinion agreed that discrimination based on transgender status is sex discrimination under the Equal Protection Clause given the Supreme Court's reasoning in *Bostock* v. *Clayton Cnty.*, 140 S. Ct. 1731 (2020).  *Id.* at *36 (Richardson, J., dissenting) ("*Bostock*'s principles reverberate in other areas of the law.  One such area is Equal Protection.").

Sincerely,

*/s/ Chase Strangio*
Chase Strangio

*Counsel for Plaintiffs*

CC: All Counsel of Record via CM/ECF

## CERTIFICATE OF SERVICE

I hereby certify that, on May 6, 2023, a copy of the attached Letter was filed electronically through the CM/ECF system with the Clerk of this Court. The participants in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Chase Strangio*
Chase Strangio
