

Dylan L. Jacobs
Deputy Solicitor General

Direct Dial: (501) 682-3661
E-mail: dylan.jacobs@arkansasag.gov

May 10, 2024

Stephanie N. O'Banion
Acting Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

Re:	*Brandt* v. *Griffin*, No. 23-2681, Response to Pls.' Fed. R. App. P. 28(j) Letter

Dear Ms. O'Banion:

Unlike this case, *Kadel v. Folwell* involved state health insurance policies established to serve the state's interest in barring coverage of medically ineffective treatments for all insured people. No. 22-1721, 2024 WL 1846802, at *19-20 (4th Cir. Apr. 29, 2024). It doesn't address decisions considering laws like the SAFE Act, which are enacted to serve the state's interest in protecting the health and safety of minors amidst medical uncertainty. On that point, *Kadel*'s majority conceded that "gender-dysphoria treatments" are "still developing," *id.* at *19, and Judge Wilkinson explained that "gender dysphoria treatments" "are matters of significant scientific debate and uncertainty" appropriate for a "legislative hearing," not a "court." *Id.* at *47 (dissenting).

Regarding equal protection, Judge Richardson, joined by several colleagues, persuasively noted that "not every law that *references* or *relates* to sex necessarily *classifies* on that basis" and "we must examine whether the policy uses those terms to draw distinctions between the sexes." *Id.* at *28 (dissenting). Here, the SAFE Act doesn't discriminate "based on the person's sex or transgender status," *id.* at *32, but "treats males and females, [non-transgender] individuals and transgender individuals, precisely the same." *Id.* at *48 (Wilkinson, J., dissenting). Even importing the test from *Bostock* v. *Clayton Cnty.*, 140 S. Ct. 1731 (2020), "changing plaintiffs' sex (or even their transgender status) would not change" the availability of gender-transition procedures. *Id.* at *39 (Richardson, J., dissenting).

A vaginoplasty performed to correct a "congenital defect" in a female and one performed to treat a "diagnosed psychological disorder" in a male simply "are not the same[.]" *Id.* at *43. Neither Plaintiffs nor *Kadel*'s majority offer any reason to collapse one into the other. Yet, "only

by treating them [the same] can [one] sidestep the determinative role diagnosis plays and characterize these [prohibitions] as necessarily sex-based." *Id.*  Once one recognizes that the SAFE Act regulates procedures only one sex can undergo, "*Geduldig*, read fairly, obviously applies." *Id.* at 42.  So *Kadel* isn't persuasive here.

                                  Respectfully Submitted,

                                  *s/ Dylan L. Jacobs*
                                  Dylan L. Jacobs
                                  Deputy Solicitor General

## CERTIFICATE OF SERVICE

      I certify that on May 10, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

                                  */s Dylan L. Jacobs*
                                  Dylan L. Jacobs