

Autumn Hamit Patterson  
Solicitor General

Direct Dial: (501) 682-6302  
E-mail: autumn.patterson@arkansasag.gov

June 19, 2025

Via ECF  
Susan E. Bindler  
Clerk, United States Court of Appeals for the Eighth Circuit  
Thomas F. Eagleton Courthouse  
111 South 10th Street, Room 24.329  
St. Louis, MO 63102

    Re:   *Dylan Brandt, et al. v. Tim Griffin, et al.*, No. 23-2681

Dear Ms. Bindler:

    Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, I write to inform the Court of the Supreme Court's decision in *United States v. Skrmetti*, No. 23-477 (June 18, 2025) (slip opinion attached), which held that Tennessee's law banning puberty blockers, hormones, and surgeries for gender-transition purposes does not violate the Equal Protection Clause. Slip Op. 1, 5, 24. This opinion reinforces Defendants' arguments that Arkansas's similar law is constitutional. And it does so in at least three ways.

    First, the Supreme Court held that Tennessee's law classifies based on age and medical use—not based on sex or transgender status—so rational-basis review applies. *See id.* at 9–21; *see also* Slip Op. (Alito, J., concurring in part and in the judgment) 2–8. Arkansas law draws the same two classifications, so it too is subject to rational-basis review, as Defendants argued. *See* Appellants' Br. 20–26, 31–32; Reply 1–7, 11–12.

Second, the Supreme Court held that the Tennessee law "clearly meets this [rational-basis] standard," reasoning that the "age- and diagnosis-based classifications are plainly rationally related to [the legislature's] findings and the State's objective of protecting minors' health and welfare." Slip Op. 21–22. The same is true of Arkansas's law, which similarly furthers Arkansas's interest in protecting children from experimental medical treatments with "irreversible, life-long consequences." Appellants' Br. 9; *see id.* at 32–44; Reply Br. 12–20.

Third, even assuming Tennessee's law classified based on transgender status, two separate concurrences explained that such a classification would not trigger heightened scrutiny because transgender status is not a suspect class. *See* Slip Op. (Barrett, J., concurring) 1–11; Slip Op. (Alito, J., concurring in part and in the judgment) 10–22. This bolsters Defendants' arguments that, even if Arkansas's law classified based on transgender status, rational-basis review is still the correct standard to apply. *See* Appellants' Br. 25–30; Reply 7–11.

Respectfully submitted,

*/s Autumn Hamit Patterson*
Autumn Hamit Patterson
Solicitor General