# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*

*Suite 700*

*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

June 25, 2025

Susan E. Bindler,
 Clerk of Court,
  U.S. Court of Appeals for the Eighth Circuit,
   Thomas F. Eagleton Courthouse,
    111 South 10th Street,
     St. Louis, MO 63102.

  Re: *Brandt* v. *Griffin*, No. 23-2681:
    Appellees' Response to Appellants' Fed. R. App. P. 28(j) Letter

Dear Ms. Bindler:

  Pursuant to Federal Rule of Appellate Procedure 28(j), Appellees write in response to Appellants' letter dated June 19, 2025, regarding *United States* v. *Skrmetti*, No. 23-477, 2025 WL 1698785 (June 18, 2025), which is not dispositive of this case.

  *Skrmetti* has no bearing on two of Appellees' claims: (i) Arkansas's ban on gender-affirming medical care for minors violates the due process right of parents to seek medical care for their minor children, and (ii) the law's prohibition on doctors' referrals for such medical care violates the First Amendment. The only question in the petition for certiorari granted by the Supreme Court was whether the Tennessee law challenged in that case violated the Equal Protection Clause, and the Court's opinion addressed only that question.

  With respect to Appellees' due process claim, Appellees note that the Court will consider later this month three petitions that raise questions regarding the scope of the due process right of parents to direct the medical care of their children, with two of those cases addressing bans on gender-affirming medical care for minors.[1] Any action taken on those petitions could have an impact on this claim.

---

[1]  *See* Petition for Writ of Certiorari, *L.W.* v. *Skrmetti*, No. 23-466 (U.S. Nov. 1, 2023) (Question presented: "Whether Tennessee's SB1 likely violates the fundamental right of parents to make decisions concerning the medical care of their children guaranteed by the Fourteenth Amendment's Due Process Clause."); Petition for Writ of Certiorari, *Jane Doe 1* v. *Kentucky*, No. 23-492 (U.S. Nov. 3, 2023) (similar); Petition for Writ of Certiorari, *Montana* v. *Planned*

Appellees request an opportunity to submit supplemental briefing to address the impact of *Skrmetti* on their equal protection claim, as well as the impact of the Court's action on the pending certiorari petitions discussed above.

Sincerely,

*/s/ Daniel J. Richardson*
Daniel J. Richardson

*Counsel for Plaintiffs-Appellees*

CC: All Counsel of Record via CM/ECF

---

*Parenthood of Montana*, No. 24-745 (U.S. Jan. 10, 2025) (Question presented: "Whether a parent's fundamental right to direct the care and custody of his or her children includes a right to know and participate in decisions concerning their minor child's medical care, including a minor's decision to seek an abortion.").

## CERTIFICATE OF SERVICE

I hereby certify that, on June 25, 2025, a copy of the attached Letter was filed electronically through the CM/ECF system with the Clerk of this Court. The participants in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Daniel J. Richardson*
Daniel J. Richardson
