No. 23-2681

# In the United States Court of Appeals for the Eighth Circuit

DYLAN BRANDT, et al.,

*Plaintiffs-Appellees,*

v.

TIM GRIFFIN, et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court for the
Eastern District of Arkansas, Central Division
(No. 4:21-CV-00450-JM) (The Hon. James M. Moody, Jr.)

## SUPPLEMENTAL BRIEF OF PLAINTIFFS-APPELLEES

Leslie Cooper
Chase Strangio
James Esseks
American Civil Liberties Union
Foundation
125 Broad Street
New York, NY 10004
Telephone: (917) 345-1742
lcooper@aclu.org
cstrangio@aclu.org
jesseks@aclu.org
*Attorneys for the Plaintiffs*

Beth Echols, Ark. Bar No. 2002203
Christopher Travis, Ark. Bar
No. 97093
Drake Mann, Ark. Bar No. 87108
Gill Ragon Owen, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, AR 72201
Telephone: (501) 376-3800
echols@gill-law.com
travis@gill-law.com
mann@gill-law.com
*On behalf of the Arkansas Civil
Liberties Union Foundation, Inc.
Attorneys for the Plaintiffs*

Garrard R. Beeney*
Maxime D. Matthew*
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
beeneyg@sullcrom.com
matthewm@sullcrom.com
*Attorneys for the Plaintiffs*

Sarah Everett, Ark. Bar
No. 2017249
Arkansas Civil Liberties Union
Foundation, Inc.
904 W. 2nd Street
Little Rock, AR 72201
Telephone: (501) 374-2842
sarah@acluarkansas.org
*Attorney for the Plaintiffs*

Daniel J. Richardson*
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
richardsond@sullcrom.com
*Attorney for the Plaintiffs*

Laura Kabler Oswell*
Aviv S. Halpern*
Sullivan & Cromwell LLP
550 Hamilton Avenue
Palo Alto, CA 94301
Telephone: (650) 461-5600
oswelll@sullcrom.com
halperna@sullcrom.com
*Attorneys for the Plaintiffs*

*\*Admitted pro hac vice*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................... 1

BACKGROUND ................................................................. 2

    A.    *Brandt* v. *Griffin* .................................. 2

    B.    *United States* v. *Skrmetti* ....................... 5

ARGUMENT ..................................................................... 7

I.  *Skrmetti* Does Not Resolve Plaintiffs' Equal Protection Claim ......... 7

II. Remand For The District Court To Apply Rational Basis Review Is Appropriate Under These Circumstances ........................ 13

CONCLUSION ................................................................. 18

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexis Bailly Vineyard, Inc.* v. *Harrington*,
 931 F.3d 774 (8th Cir. 2019) ............................................................. 15

*Bd. of Tr. of Univ. of Ala.* v. *Garrett*,
 531 U.S. 356 (2001) ...................................................................... 9, 11

*Blakely* v. *Washington*,
 542 U.S. 296 (2004) ........................................................................ 14

*BNSF Ry. Co.* v. *Seats, Inc.*,
 900 F.3d 545 (8th Cir. 2018) ........................................................... 15

*Brandt* v. *Rutledge*,
 47 F.4th 661 (8th Cir. 2022) .............................................................. 3

*Brandt* v. *Rutledge*,
 551 F. Supp. 3d 882 (E.D. Ark. 2021) ................................................ 3

*Brandt* v. *Rutledge*,
 677 F. Supp. 3d 877 (E.D. Ark. 2023) ....................................... *passim*

*Cleburne* v. *Cleburne Living Ctr.*,
 473 U.S. 432 (1985) ................................................................. 8, 9, 11

*Cornerstone Bible Church* v. *City of Hastings*,
 948 F.2d 464 (8th Cir. 1991) ........................................................... 15

*Fink* v. *Union Cent. Life Ins. Co.*,
 65 F.3d 722 (8th Cir. 1995) ............................................................. 14

*Foster* v. *U.S. Dep't of Agric.*,
 No. 22-2729 (8th Cir. Nov. 7, 2024) ................................................. 14

*Heffernan* v. *City of Paterson*,
 578 U.S. 266 (2016) ........................................................................ 13

*Heller* v. *Doe*,
509 U.S. 312 (1993)...................................................................8

*L.W.* v. *Skrmetti*,
679 F. Supp. 3d 668 (M.D. Tenn. 2023).................................5

*L.W.* v. *Skrmetti*,
83 F.4th 460 (6th Cir. 2023) .....................................................6

*Loper Bright Enters.* v. *Raimondo*,
603 U.S. 369 (2024).................................................................14

*Mathews* v. *Lucas*,
427 U.S. 495 (1976)...................................................................8

*Plyler* v. *Doe*,
457 U.S. 202 (1982).................................................................11

*Romer* v. *Evans*,
517 U.S. 620 (1996)............................................................8, 10

*Thompson* v. *Shock*,
852 F.3d 786 (8th Cir. 2017)..................................................13

*U.S. Dep't of Agric.* v. *Moreno*,
413 U.S. 528 (1973)..........................................................8, 9, 10

*United States* v. *Windsor*,
570 U.S. 744 (2013)...................................................................9

*United States* v. *Erlinger*,
602 U.S. 821 (2024).................................................................14

*United States* v. *Fore*,
No. 04-2414 (8th Cir. Sept. 1, 2004)....................................14

*United States* v. *Robinson*,
No. 21-2396 (8th Cir. Aug. 15, 2024)...................................14

*United States* v. *Skrmetti*,
145 S. Ct. 1816 (2025)....................................................... *passim*

**Statutes**

ARK. CODE ANN. § 20-9-1501 ....................................................... 2

ARK. CODE ANN. § 20-9-1502 ....................................................... 2

ARK. CODE ANN. § 20-9-1503 ....................................................... 2

ARK. CODE ANN. § 20-9-1504 ....................................................... 2

## INTRODUCTION

In *United States* v. *Skrmetti*, 145 S. Ct. 1816 (2025), the Supreme Court held that equal protection heightened scrutiny did not apply to a Tennessee law prohibiting gender-affirming medical care for minors. It then concluded, based on a limited preliminary injunction record, that the plaintiffs had not carried their burden of showing that the Tennessee statute was unconstitutional under rational basis review.

*Skrmetti* is not dispositive of the equal protection claim brought by Plaintiffs in this case. Unlike *Skrmetti*—which involved review of a preliminary injunction ruling—this case involves an appeal after a trial. But because the district court decided this case only under heightened scrutiny—which the Supreme Court has now clarified does not apply—it did not reach whether Act 626 survives rational basis review. Given this subsequent clarification of the legal standard applicable to Plaintiffs' equal protection claim, should this Court decide it is necessary to reach that claim to resolve this appeal, it should remand the case to the district court to address in the first instance whether Act 626 is constitutional under rational basis review.

# BACKGROUND

### A.  *Brandt* v. *Griffin*

In this case, four minors, their parents, and a physician challenged Arkansas's Act 626,[1] which prohibits healthcare professionals from (i) providing "gender transition procedures" to minors or (ii) referring a minor to any other healthcare professional for "gender transition procedures."  ARK. CODE ANN. §§ 20-9-1501 to 1504.  Plaintiffs argued that Act 626's prohibition on gender-affirming medical care violated their equal protection rights and parental due process rights, and that the prohibition on physicians making referrals for such care violates their First Amendment rights to provide, and minors' and parents' right to receive, information.

---

[1]  Since trial, three of the four minor Plaintiffs have reached age 18 and, thus, they and their parents are no longer impacted by Act 626.  The fourth Plaintiff family, the Dennises, have moved out of state to have certainty that their daughter Brooke can receive medical care prohibited by Act 626, but they would like the opportunity to be able to return to Arkansas, where they have deep family roots.  The Dennises do not feel they can return to Arkansas unless and until Act 626 no longer poses a risk to continued care for their daughter.

The physician Plaintiff continues to provide gender-affirming medical care to minors in Arkansas.

The district court preliminarily enjoined the law, concluding that Plaintiffs were likely to succeed on the merits of all of their claims. *Brandt* v. *Rutledge*, 551 F. Supp. 3d 882 (E.D. Ark. 2021). With respect to the equal protection claim, the court determined that Act 626 classified individuals based on sex and transgender status and therefore must be tested under heightened scrutiny. *Id.* at 889. Applying that standard, the court held that "at this point in the proceedings," based on the evidence presented, Defendants failed to meet their burden of showing that the law was substantially related to the asserted government interests of protecting children from experimental treatment and regulating medical ethics. *Id.* at 891–92. The court further found that, "based on the record" at the preliminary injunction stage, Act 626 "would not even withstand rational basis scrutiny." *Id.* This Court affirmed that decision, agreeing that Act 626 discriminated on the basis of sex and holding that the district court's findings were supported by the preliminary injunction record before it. *Brandt* v. *Rutledge*, 47 F.4th 661, 670–71 (8th Cir. 2022).

The case then proceeded to an eight-day trial on the merits, where Plaintiffs argued that Act 626 was unconstitutional under both

heightened scrutiny and rational basis review. *Brandt* v. *Rutledge*, 677 F. Supp. 3d 877, 886 (E.D. Ark. 2023); *see also* Plaintiffs' Redacted Post-Trial Brief at 7, 30–33, *Brandt* v. *Rutledge*, No. 21-cv-450 (E.D. Ark. Feb. 1, 2023). Plaintiffs presented substantial evidence demonstrating that Act 626 does not further the government's asserted interests and that it was enacted based on negative attitudes about transgender people. *Id.* at 15–33.

After trial, the district court ruled for Plaintiffs on all of their claims and issued a permanent injunction. *Brandt*, 677 F. Supp. 3d at 925. With respect to Plaintiffs' equal protection claim, after reviewing the evidence and making over 300 findings of fact, *id.* at 887–916, the court held that Defendants failed to meet their burden of showing that the law was substantially related to the asserted government interests of "protecting children from experimental medical treatment and safeguarding medical ethics." *Id.* at 918. Because this Court had already established that heightened scrutiny applied to Act 626 in the earlier appeal, the district court explicitly declined to consider whether the law would survive rational basis review. *Id.* at 917 ("The rational basis test, however, does not apply when a classification is based upon sex."). And importantly, it

did not make factual findings as to whether the law is grounded in animus.

Defendants appealed the district court's permanent injunction to this Court, which heard the case initially *en banc*. The case has been briefed and argued and was pending before this Court when the Supreme Court decided *Skrmetti* on June 18, 2025.

## B.  *United States* v. *Skrmetti*

The *Skrmetti* case was brought by three minors, their parents, and a physician challenging a Tennessee law banning gender-affirming medical care for minors as violations of the Equal Protection and Due Process Clauses. *Skrmetti*, 145 S. Ct. at 1827. The United States intervened as a plaintiff, also arguing that Tennessee's law violated the Equal Protection Clause. *Id.*

The district court in *Skrmetti* issued a preliminary injunction enjoining enforcement of the Tennessee law as applied to puberty blockers and hormone therapy, holding that the law was likely to violate the plaintiffs' equal protection and due process rights. *L.W.* v. *Skrmetti*, 679 F. Supp. 3d 668 (M.D. Tenn. 2023). In evaluating the equal protection claim, the court concluded that the law classified based on sex

and transgender status and, thus, applied heightened scrutiny and found that the law did not meet that standard.  *Id.* at 686–712.

The Court of Appeals for the Sixth Circuit reversed, holding that the law did not violate either constitutional provision.  *L.W.* v. *Skrmetti*, 83 F.4th 460 (6th Cir. 2023).  Following that decision, the United States filed a petition for certiorari, seeking review of only the equal protection ruling and arguing that the Tennessee law warrants heightened scrutiny and does not meet that standard; it did not take the position that the law fails rational basis review.  *See* Petition for Writ of Certiorari, *United States* v. *Skrmetti*, No. 23-477 (Nov. 6, 2023); *see also* Brief for the Petitioner, *United States* v. *Skrmetti*, No. 23-477 (Aug. 27, 2024).  The Supreme Court granted that petition on June 24, 2024.[2]

On June 18, 2025, the Supreme Court affirmed the decision of the Court of Appeals denying the preliminary injunction.[3]  *Skrmetti*, 145

---

[2]    The *Skrmetti* private plaintiffs' separate petition was denied on June 30, 2025.  *See* Petition for Writ of Certiorari, *L.W.* v. *Skrmetti*, No. 23-466 (Nov. 1, 2023).

[3]    To be clear, because the only question in the granted petition for certiorari was whether the Tennessee law violated the Equal Protection Clause, it has no bearing on Plaintiffs' claims under the Due Process Clause or the First Amendment.

S. Ct. at 1837. The Court agreed with the Sixth Circuit that rational basis review was the appropriate standard and that the law satisfied it. Relevant here, the Supreme Court's latter conclusion turned on (i) the Court's conclusion that the United States did not argue that the Tennessee law "was motivated by an invidious discriminatory purpose," *Skrmetti*, 145 S. Ct. at 1832, and (ii) its acceptance of certain asserted rationales reflected in the legislative record, *id.* at 1835–36.

## ARGUMENT

Plaintiffs in this case put forward considerable evidence at trial to support their claim that Act 626 is unconstitutional under rational basis review. The Supreme Court's decision in *Skrmetti* did not resolve the merits of this challenge, did not consider the evidentiary record in this case, and did not announce any rule of law that would foreclose Plaintiffs' arguments. Accordingly, this Court should remand to the district court to determine in the first instance whether Plaintiffs have carried their burden of proving that Act 626 violates the Equal Protection Clause under the rational basis test.

## I. *Skrmetti* Does Not Resolve Plaintiffs' Equal Protection Claim.

The Supreme Court has explained that, even when heightened review does not apply, laws violate the Equal Protection Clause when

they draw classifications that lack a rational relationship to a legitimate government interest. Although that standard is deferential, it is not "toothless." *See Mathews* v. *Lucas*, 427 U.S. 495, 510 (1976).

Rational basis review serves the important purpose of "ensur[ing] that classifications are not drawn for the purpose of disadvantaging the group burdened by the law." *Romer* v. *Evans*, 517 U.S. 620, 633 (1996). Accordingly, to satisfy rational basis review, a rationale for the law must be grounded in a "factual context" that allows the court to "ascertain some relation between the classification and the purpose it served." *Romer*, 517 U.S. at 632–33; *see also Heller* v. *Doe*, 509 U.S. 312, 321 (1993) (holding that rational basis review must have a "footing in the realities of the subject addressed by the legislation"); *U.S. Dep't of Agric.* v. *Moreno*, 413 U.S. 528, 534–36 (1973) (invalidating food stamp policy under rational basis review where it was based on government's "unsubstantiated assumptions" about "hippies").

Additionally, a law may be invalidated under rational basis review upon a showing that the purported threat being addressed by the law also applies to others not targeted by the law. *See Cleburne* v. *Cleburne Living Ctr.*, 473 U.S. 432, 448–50 (1985) (holding that denial of special

use permit for a home for developmentally disabled adults failed rational basis review because the asserted justifications—*e.g.*, concerns about "congestion of the streets" and "fire hazards"—applied equally to other multiple-resident facilities that were permitted); *see also Bd. of Tr. of Univ. of Ala.* v. *Garrett*, 531 U.S. 356, 366 n.4 (2001) (noting that the Court in *Cleburne* invalidated the city's actions under rational basis review because "the city's purported justifications for the ordinance made no sense in light of how the city treated other groups similarly situated in relevant respects").

And when the Court has found that a law is grounded in animus or discomfort with the disadvantaged group, it has not hesitated to invalidate it under rational basis review. *See United States* v. *Windsor*, 570 U.S. 744, 770–74 (2013) (invalidating a law prohibiting federal recognition of same-sex marriages under rational basis review where evidence showed the law had "the purpose and effect of disapproval" of same-sex couples); *Moreno*, 413 U.S. at 534 (striking down exclusion of households with unrelated members from food stamp program where legislative history showed the intent of the policy was to exclude "hippies" and "hippie communes"); *Cleburne*, 473 U.S. at 448 (finding that

"negative attitudes" about and "fear" of developmentally disabled adults are not legitimate bases for denying zoning permit for home for members of this group); *Romer*, 517 U.S. at 632–34 (striking down state constitutional amendment prohibiting sexual-orientation non-discrimination protections after inferring animus was at play); *see also id.* at 634 ("[I]f the constitutional conception of 'equal protection of the laws' means anything, it must at the very least mean that a bare . . . desire to harm a politically unpopular group cannot constitute a *legitimate* governmental interest.") (emphasis in original) (quoting *Moreno*, 413 U.S. at 534).

Plaintiffs have argued throughout this litigation that, even if Act 626 is not subject to heightened scrutiny, it is unconstitutional under rational basis review. *See, e.g.*, Plaintiffs' Redacted Post-Trial Brief at 7, 30–33, *Brandt* v. *Rutledge*, No. 21-cv-450 (E.D. Ark. Feb. 1, 2023); Brief of Plaintiffs-Appellees at 54–57, *Brandt* v. *Griffin*, No. 23-2681 (8th Cir. Dec. 7, 2023). To support that argument, Plaintiffs have presented substantial evidence showing that "[t]he State's asserted justifications for banning this care for minors, even if accepted as true, 'ma[k]e no sense in light of how' Arkansas treats medical care provided for purposes other

than 'gender transition,'" *see* Brief of Plaintiffs-Appellees at 54–57, *Brandt* v. *Griffin*, No. 23-2681 (8th Cir. Dec. 7, 2023) (quoting *Garrett*, 531 U.S. at 366 n.4), which "presents the same or greater risks or is supported by the same or less evidence of efficacy," and that, in fact, Act 626 was motivated by negative attitudes about transgender people, *see* Plaintiffs' Redacted Post-Trial Brief at 30–33, *Brandt* v. *Rutledge*, No. 21-cv-450 (E.D. Ark. Feb. 1, 2023).  As the decisions above make plain, those arguments are necessarily fact-dependent and turn on the specific evidence in the record.  *See, e.g.*, *Cleburne*, 473 U.S. at 448 ("Because in our view *the record* does not reveal any rational basis for believing that the Featherston home would pose any special threat to the city's legitimate interests, we affirm the judgment below insofar as it holds the ordinance invalid as applied in this case.") (emphasis added); *Plyler* v. *Doe*, 457 U.S. 202, 228–30 (1982) (finding several instances where the record evidence refuted the state's purported government interests).

*Skrmetti* did not resolve Plaintiffs' rational basis challenge.  The certiorari petition granted by the Supreme Court in *Skrmetti* asserted only that heightened scrutiny applied to Tennessee's law and that the

law did not survive that test. The petitioner in *Skrmetti* (the United States) did not take a position on whether Tennessee's statute would survive rational basis review. As a result, *Skrmetti* did not announce any rule of law respecting rational basis review, nor did it disturb any of the Supreme Court's many precedents explaining the circumstances under which a law will flunk that standard. *See supra*, at pp. 7–10.

To be sure, the Court in *Skrmetti* concluded that Tennessee's law satisfied rational basis review based on the particular record in that case. But that decision has no bearing on Plaintiffs' equal protection challenge here for two separate reasons. First, *Skrmetti* was decided at the preliminary injunction stage without the benefit of a trial to test the asserted rationales. Thus, the Supreme Court accepted the rationales reflected in the legislative findings that accompanied the Tennessee statute. By contrast, the record here includes detailed findings of fact developed after an eight-day trial, which shed light on whether Arkansas's asserted interests are rationally furthered by the law. Second, the United States in *Skrmetti* did not argue that Tennessee's law "was motivated by an invidious discriminatory purpose." *Skrmetti*, 145 S. Ct. at 1832. But here, Plaintiffs have consistently maintained that

position with respect to Arkansas's statute, arguing and presenting evidence showing that it was enacted based on negative attitudes about transgender people. *See* Plaintiffs' Redacted Post-Trial Brief at 31–33, *Brandt* v. *Rutledge*, No. 21-cv-450 (E.D. Ark. Feb. 1, 2023). Accordingly, *Skrmetti* does not resolve Plaintiffs' equal protection claim.

## II. Remand For The District Court To Apply Rational Basis Review Is Appropriate Under These Circumstances.

Given that *Skrmetti* does not dictate the result of Plaintiffs' rational basis challenge, the proper course is to remand to the district court to resolve that issue in the first instance. That approach aligns with the usual practice in this circuit. And it is particularly appropriate in a case like this one, where Plaintiffs put forward extensive evidence demonstrating that Act 626 is not rationally related to a government interest in protecting children and, in fact, was passed based on impermissible animus against transgender people.

When, during the pendency of an appeal, intervening law changes the applicable standard, it is appropriate to remand for the district court to apply the new standard. *See, e.g.*, *Thompson* v. *Shock*, 852 F.3d 786, 792–93 (8th Cir. 2017) (remanding to district court to evaluate First Amendment claim under *Heffernan* v. *City of Paterson*, 578 U.S. 266,

(2016), which the Supreme Court decided after the district court issued its judgment); *Fink* v. *Union Cent. Life Ins. Co.*, 65 F.3d 722, 723–24 (8th Cir. 1995) (remanding to district court the issue of excusable neglect after the Supreme Court "established a more flexible analysis"); Judgment, *Foster* v. *U.S. Dep't of Agric.*, No. 22-2729 (8th Cir. Nov. 7, 2024) (after requesting supplemental briefs on *Loper Bright Enters.* v. *Raimondo*, 603 U.S. 369 (2024), remanding to district court for consideration in light of *Raimondo*); Judgment, *United States* v. *Robinson*, No. 21-2396 (8th Cir. Aug. 15, 2024) (remanding to district court "to decide in the first instance whether the error made was harmless" under *United States* v. *Erlinger*, 602 U.S. 821 (2024)); Order, *United States* v. *Fore*, No. 04-2414 (8th Cir. Sept. 1, 2004) (following appellant's motion for release pending appeal in light of *Blakely* v. *Washington*, 542 U.S. 296 (2004), remanding to district court for the purpose of ruling on appellant's motion).

That is exactly what happened here. While this appeal was pending, the Supreme Court established that the level of scrutiny applicable to Plaintiffs' equal protection challenge is rational basis review. The district court's permanent injunction decision did not evaluate Act 626 under rational basis review because binding precedent

from this Court at the time of the trial provided that heightened scrutiny was the appropriate standard. A remand for application of rational basis review is therefore appropriate in cases like this, where it would be "beneficial for the district court to consider [the] . . . argument in the first instance" to facilitate ordinary appellate review. *See Alexis Bailly Vineyard, Inc.* v. *Harrington*, 931 F.3d 774, 780 (8th Cir. 2019) (quoting *BNSF Ry. Co.* v. *Seats, Inc.*, 900 F.3d 545, 549 (8th Cir. 2018)); *see also Cornerstone Bible Church* v. *City of Hastings*, 948 F.2d 464, 471–72 (8th Cir. 1991) (remanding equal protection analysis to the district court for rational basis review after finding that "there is no indication in the record that the district court made this vital inquiry").[4]

This case demonstrates why remand is the preferred approach. Many of the very assertions about gender-affirming medical care for minors that were offered as justifications for the Tennessee law and accepted as rational bases by the Supreme Court in *Skrmetti* were

---

[4]    That the Supreme Court did not remand for an application of rational basis review in *Skrmetti* has no bearing here. As discussed above, the petitioner in *Skrmetti* made no argument under the rational basis standard, while here, Plaintiffs have raised such arguments at trial that have not yet been considered by the district court. Further, unlike here, the posture in *Skrmetti* was a preliminary injunction, where the case will necessarily be returned to the district court.

refuted or found to be equally applicable to non-prohibited care in the district court's findings of fact after trial in this case. For example, the Supreme Court accepted Tennessee's assertion that discordance between sex and gender "can be resolved by less invasive approaches that are likely to result in better outcomes for the minor." *Skrmetti*, 145 S. Ct. at 1836. But the district court in this case found, based on the substantial expert testimony tested at trial, that:

- "[t]here are no psychotherapeutic interventions that have been demonstrated to be effective at alleviating gender dysphoria," *Brandt*, 677 F. Supp. 3d at 892;

- "there is no treatment that can change a person's gender identity," *id.* at 890; and

- "[i]t is widely recognized in the medical and mental health fields that, for many people with gender dysphoria, the clinically significant distress caused by the condition can be relieved only by living in accordance with their gender identity, which is referred to as gender transition," *id.* at 888.

The Supreme Court also accepted Tennessee's justification that the prohibited procedures, when performed on minors, are "not supported by high-quality, long-term medical studies." *Skrmetti*, 145 S. Ct. at 1835. But the district court in this case found that the evidence showed that:

- "[t]he evidence base supporting gender-affirming medical care for adolescents is comparable to the evidence base supporting other medical treatments for minors," *Brandt*, 677 F. Supp. 3d at 901; and

- "[i]t is common for clinical practice guidelines in medicine to make recommendations based on low or very low-quality evidence such as cross-sectional and longitudinal studies," *id.* at 902.

However, the district court did not consider whether these and other findings of fact established that the statute failed rational basis review. Nor did the court consider the evidence offered by Plaintiffs to demonstrate that the law failed rational basis review for the additional reason that the legislature enacted Act 626 because of legislators' negative attitudes about transgender people. *See* Plaintiffs' Redacted

Post-Trial Brief at 31–33, *Brandt* v. *Rutledge*, No. 21-cv-450 (E.D. Ark. Feb. 1, 2023).

A remand for the district court to apply this standard is warranted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that, if the Court determines it is necessary to reach Plaintiffs' equal protection claim, it remand this case to the district court to apply rational basis review to that claim.

Dated:  July 11, 2025                            Respectfully submitted,

/s/ *Leslie Cooper*

| | |
|---|---|
| Leslie Cooper | Beth Echols, Ark. Bar No. 2002203 |
| Chase Strangio | Christopher Travis, Ark. Bar |
| James Esseks | No. 97093 |
| American Civil Liberties Union | Drake Mann, Ark. Bar No. 87108 |
| Foundation | Gill Ragon Owen, P.A. |
| 125 Broad Street | 425 W. Capitol Avenue, Suite 3800 |
| New York, NY  10004 | Little Rock, AR  72201 |
| Telephone:  (917) 345-1742 | Telephone:  (501) 376-3800 |
| lcooper@aclu.org | echols@gill-law.com |
| cstrangio@aclu.org | travis@gill-law.com |
| jesseks@aclu.org | mann@gill-law.com |
| *Attorneys for the Plaintiffs* | *On behalf of the Arkansas Civil Liberties Union Foundation, Inc. Attorneys for the Plaintiffs* |

Garrard R. Beeney*
Maxime D. Matthew*
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000
beeneyg@sullcrom.com
matthewm@sullcrom.com
*Attorneys for the Plaintiffs*

Sarah Everett, Ark.
Bar No. 2017249
Arkansas Civil Liberties Union
Foundation, Inc.
904 W. 2nd Street
Little Rock, AR  72201
Telephone:  (501) 374-2842
sarah@acluarkansas.org
*Attorney for the Plaintiffs*

Daniel J. Richardson*
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
Telephone:  (202) 956-7500
richardsond@sullcrom.com
*Attorney for the Plaintiffs*

Laura Kabler Oswell*
Aviv S. Halpern*
Sullivan & Cromwell LLP
550 Hamilton Avenue
Palo Alto, CA  94301
Telephone:  (650) 461-5600
oswelll@sullcrom.com
halperna@sullcrom.com
*Attorneys for the Plaintiffs*

*\*Admitted pro hac vice*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the attached Brief complies with this Court's Order that supplemental briefing contain no more than 3,750 words because it contains 3,484 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I also certify that the attached Brief complies with Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in proportionally spaced typeface with 14-point CenturyExpd BT and uses the word-processing system Microsoft Word.

Additionally, pursuant to Eighth Circuit Local Rule 28A(h), I further certify that this PDF file was scanned for viruses, and no viruses were found on the file.

/s/ *Leslie Cooper*
LESLIE COOPER

JULY 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that, on July 11, 2025, a copy of the attached Brief was filed electronically through the CM/ECF system with the Clerk of this Court. The participants in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system. I further certify that upon approval by the Clerk, I will serve paper copies of the foregoing document to Defendants-Appellants by mailing a true and correct copy thereof to their attorneys of record at the address on file with the Clerk.

/s/ *Leslie Cooper*
LESLIE COOPER

JULY 11, 2025